Argued and submitted June 18, 2013, reversed and remanded for entry of judgment of dismissal May 29, 2014

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## STEPHEN ERIC STRAUGHAN,
*Defendant-Appellant.*

Crook County Circuit Court
MI080446; A148221

328 P3d 737

Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals from a judgment of conviction for misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010, arguing that the trial court erred in denying his motion to dismiss on speedy trial grounds under *former* ORS 135.747 (2011), *repealed by* Or Laws 2013, ch 431, § 1. On review for errors of law, *State v. Johnson*, 339 Or 69, 82-87, 116 P3d 879 (2005), we reverse and remand for entry of judgment of dismissal.

The pertinent procedural facts of this case are set forth in detail in *State v. Straughan (A147718)*, 263 Or App 225, 327 P3d 1172 (2014) (*Straughan I*), an opinion addressing a contempt charge that proceeded to trial along with the DUII charge. To summarize, on August 28, 2008, defendant was charged by information for DUII in relation to an arrest earlier that month. In November 2008, this case, a contempt case, and a case for assault were set to track with a case for menacing and other charges. After setovers requested by the state and defendant, defendant moved for a settlement conference in all four cases in November 2009. Before the scheduled conference in February 2010, however, defendant's counsel withdrew after defendant told her that he did not want her to represent him. At the state's request, a settlement conference was eventually held on all four cases in September 2010, settlement was unsuccessful, and trial was set for this case on November 17, 2010. In October 2010, defendant moved to dismiss for lack of a speedy trial under *former* ORS 135.747. Before the court ruled on that motion, the November trial on the DUII case was "bumped" and a new trial was set for February 8, 2011. In December 2010, the court denied defendant's motion to dismiss. On February 8, 2011, defendant renewed his motion to dismiss, and the court again denied that motion. After a trial to a jury, defendant was convicted of DUII and sentenced to 18 months' bench probation, two days in jail, and fees totaling $1,393.

Under *former* ORS 135.747,[1] we first subtract from the total delay any periods of delay that defendant applied

---

[1] For the reasons explained in *Straughan I*, 263 Or App at 231-35, we conclude that the repeal of *former* ORS 135.747, which applies to "all criminal proceedings,

for or consented to, and then assess whether the remaining delay is reasonable. *State v. Glushko/Little*, 351 Or 297, 305, 266 P3d 50 (2011). The total delay from the date of the information to the date of trial in this case is 894 days. Defendant concedes that he applied for a 132-day delay when he asked for a setover. For the reasons explained in *Straughan I*, we conclude that defendant also applied for or consented to a 71-day delay when he filed a motion requesting a settlement conference just before the status hearing and a 48-day delay between the time that defendant's counsel withdrew at defendant's request and the following pretrial conference.[2] 263 Or App at 235-36.

Thus, defendant consented to or requested delays totaling 251 days. We subtract that amount from the total delay of 894 days and must determine if the resulting delay of 643 days—approximately 21 months—was reasonable. As in *Straughan I*, we conclude that it was not. The state has not offered any justification for delaying the DUII case for nearly seven months because witnesses in the menacing case, who were not needed to testify in this case, were unavailable. *Straughan I*, 263 Or App at 239. Ultimately, in this misdemeanor case, the substantial delay of 21 months, which includes a significant unjustified delay of nearly seven months, was unreasonable under *former* ORS 135.747, and the state has failed to show that there was "sufficient reason" for the trial court to continue the case under ORS 135.750 (2011), *amended by* Or Laws 2013, ch 431, § 2. *See Straughan I*, 263 Or App at 240-41.

Reversed and remanded for entry of judgment of dismissal.

---

regardless of whether the case is pending on or the prosecution was initiated before April 1, 2014," does not affect this appeal.

[2] We also reject the state's contention that defendant applied for or consented to a delay when the DUII trial was reset from November 17, 2010 to February 8, 2011. The state asserts that defendant applied for or consented to that period of delay because he filed a motion to dismiss on speedy trial grounds. Even assuming that, by filing that motion, defendant applied for or consented to a period of reasonable delay for the court to decide the motion, the state has not shown that the trial was "bumped" (the indication in the Oregon Judicial Information Network register) from the trial date set for November 17, 2010, because of the pending motion to dismiss, rather than the scheduling constraints of the trial court.